WILLIAM RIDGWAY, PLAINTIFF-RESPONDENT, v. STELLA B. RIDGWAY, ADMINISTRATRIX OF THE ESTATE OF HARTLEY W. RIDGWAY, DECEASED, DEFENDANT-APPELLANT.

Submitted February 15, 1946—Decided May 3, 1946.

For the respondent, *Herbert C. Bartlett.*

For the appellant, *Samuel L. Shapiro* (*David L. Horuvitz,* of counsel).

PER CURIAM.

This appeal is from a judgment entered in the Supreme Court, Cumberland County, upon direction of verdict in favor of plaintiff at the close of plaintiff's case.

Plaintiff sued upon a promissory note given by defendant's decedent alleging the making, execution and delivery of the note by decedent; that the note was the property of plaintiff and unpaid, and that defendant, as administratrix of the estate of the signer of the note, disputed the claim of plaintiff thereunder. The amended answer of defendant in its essence denied that the note had not been paid and, as special defenses, pleaded lack of consideration; that plaintiff was not a holder in due course and that the note was paid prior to the institution of suit.

Upon trial of the matter plaintiff presented the note and testified that it had not been paid. The signature of decedent, alleged to be the maker of the note, was proved by the assistant cashier of a banking establishment, who testified that he knew the signature of decedent and that the signature appearing upon the note was the signature of decedent, whereupon the note was admitted into evidence. At this point both plaintiff and defendant rested.

Motion for direction of verdict in favor of defendant, premised upon the argument that there was no proof of non-

payment of the note, nor any proof of the execution of the note, was denied. Motion for direction of verdict in favor of plaintiff for the amount of the note, plus accrued interest, was granted and judgment in favor of plaintiff accordingly entered.

Upon the argument on this appeal defendant urges error in the trial court for failure to direct a verdict against plaintiff and; further, error in directing a verdict against the defendant. It is argued by appellant that the record is barren of proof (1) of the making, execution and delivery of the note: (2) that any moneys were due under the note: (3) that the plaintiff was a holder in due course, and finally, that the note, upon the making thereof, had any sum specified thereon.

These contentions of appellant are without merit. They are completely disposed of in *Trustees System, &c.,* v. *Lisena,* 106 *N. J. L.* 549, and the authorities there cited.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, OLIPHANT, WELLS, RAFFERTY, DILL, McGEEHAN, JJ. 12.

*For reversal*—None.